UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAO PEDRO BARBOSA, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) ) C.A. No.  13-11534-LTS |
| BRUCE GELB, | ) ) ) |
| Respondent. | ) |

MEMORANDUM AND ORDER

BACKGROUND

SOROKIN, M.J.

On June 26, 2013, petitioner, Joao Pedro Barbosa, Jr., an inmate at the Souza Baranowski Correctional Center in Shirley, Massachusetts, submitted for filing a petition for writ of habeas corpus challenging his 2007 conviction in the Woburn Superior Court for: (1) Living Off or Sharing Earnings of a Minor Prostitute; and (2) Operating with a Suspended License. Petitioner was found guilty after a second jury trial and received a five to eight year term of imprisonment.[1]

In Ground One, petitioner claims trial counsel was ineffective for failing to object to highly prejudicial hearsay from a witness from the Department of Social Services regarding the alleged victim's age, an essential element of the crime charged.  In Ground Two, petitioner claims the Commonwealth relied on hearsay to prove the victim's age, that the victim received money for acts of prostitution, or that petitioner knowingly accepted money from the alleged victim.  In Ground Three, petitioner claims that the Commonwealth's police expert's testimony concerning his experience with prostitutes that he had arrested and what he had heard was inadmissible as hearsay.  In Ground Four, petitioner contends that the trial judge's limiting instruction to the jury with respect to the police expert was highly prejudicial, as the Commonwealth relied on it during closing argument.  In Ground Five, petitioner alleges that despite the trial judge's instructions that the expert evidence was admitted for a limited purpose

---

[1]Attached was, *inter alia*, the petitioner's Motion for a New Trial submitted in the Middlesex Superior Court, in the case Commonwealth v. Barbosa, MICR2004-00565.

and was not to be used as substantive proof of guilt, the prosecutor used the testimony in her closing as substantive evidence.  Finally, in Ground Six, petitioner alleges that evidence of the investigative detectives who conducted a surveillance on the day in question and arrested and charged petitioner, should have been suppressed as fruit of the poisonous tree.

The petition was accompanied by: (1) a Memorandum of Law in support (Docket No.2); a Memorandum of Law in Support of an Evidentiary Hearing (Docket No. 4); (3) a Motion for Appointment of Counsel (Docket No. 5); and a Motion for Leave to proceed in forma pauperis (Docket No. 3).   Petitioner did not submit a certified prison account statement as required.[2]

DISCUSSION

I.      The Motion for Leave to Proceed In Forma Pauperis

A review of petitioner's financial affidavit indicates that he has $60.00 in his prison account, and receives random donations.  Based on these disclosures, this Court finds that petitioner has not demonstrated that he is without sufficient funds to pay the modest $5.00 filing fee.[3]  Most importantly, in a copy of a letter to the Clerk's Office in Worcester attached to petitioner's filings, he indicates that the $5.00 check is forthcoming.  He states that although he is indigent, he can afford to pay the $5.00 fee.  Exhibit (Docket No. 1-4 at 70).

Accordingly, for these reasons, petitioner's Motion for Leave to Proceed in forma

---

[2] A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings in forma pauperis).  The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  Rule 3(a)(2) of the Rules Governing Section 2254 Cases

[3] Although he states that he owes $250.00 for a District Court filing fee, the formula for collection of that fee is set forth in 28 U.S.C. § 1915(b)(2), which provides that after payment of the initial partial filing fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to the prison account, and the prison shall forward payments to the clerk of court each time the amount in the prison account exceeds $10.00 until the filing fee is paid.  Id.  Thus, petitioner would have at least $10.00 in his account before payments would be made to this Court.  Therefore, this Court does not find the $250.00 filing fee obligation materially impacts on the issue whether petitioner presently has the funds to pay the filing fee in this action.

pauperis will be **DENIED**.[3] If petitioner wishes to proceed with this action, he shall pay the $5.00 filing fee within 21 days of the date of this Procedural Order. Failure of petitioner to comply with this directive may result in the dismissal of this action without prejudice.

Upon receipt of the $5.00 filing fee, the clerk shall issue a Service Order directing service of the habeas petition and a response from respondent.

II.   The Motion for Appointment of Counsel

Section 3006A(a)(2) of Title 18 authorizes the Court to appoint legal counsel to financially eligible persons seeking habeas corpus under § 2241, 2254, or 2255 when the Court determines that the "interests of justice so require." 18 U.S.C. § 3006A(a)(2); See Serrano v. Dickhaut, 2012 WL 2343730, *1 (D. Mass. 2012). The Court's decision whether to appoint counsel, however, is discretionary. A habeas petitioner does not have a constitutional or statutory right to appointed counsel. Id.; Jackson v. Coalter, 337 F.3d 74, 77 n. 2 (1st Cir. 2003). The United States Court of Appeals for the First Circuit has set forth three criteria for consideration in the "rare" case where appointment of counsel for a habeas petitioner is warranted. Id. citing United States v. Mala, 7 F.3d 1058, 1063-64 (1993). These factors include: (1) the likelihood of success on the habeas claim; (2) the level of complexity of the facts and law; and (3) the prisoner's ability to investigate and develop the factual record necessary to the claim. Id.

Here, this Court cannot gauge adequately the likelihood of success on the merits in the absence of a response by the respondent. Nevertheless, despite petitioner's contention, this Court finds that none of the issues presented by him appear to raise complex or novel issues of fact or law. Further, petitioner reiterates the arguments previously presented by his attorney in connection with his state court proceedings, so the issues have been, in whole or part, identified for petitioner's use in this action.

Notably, in a letter to Attorney Donald Bronstein dated June 12, 2013, petitioner

---

[3]While unclear, it may be that petitioner submitted his financial affidavit as proof of indigency in connection with his Motion for Appointment of Counsel. This Court considers the financial affidavit as part of its evaluation of that motion.

provided counsel with copies of his final habeas petition for counsel's review, and welcomed any suggestions for improvements. In that letter, petitioner stated: "I think I did a great <u>job</u>." Exhibit (Docket No. 1-3 at 57) (emphasis in original).

Finally, of great significance in the consideration whether it is in the interests of justice to appoint counsel is the fact that petitioner is a certified paralegal. He states that appointed counsel would "not be starting with a blank slate, petitioner is semi-legally literate and is seeking a craftsman not a mule." Motion (Docket No. 5 at 1).

In light of the above, given the nature of the petition and the ability of the petitioner to present his claims, this Court cannot find that it is in the interests of justice to appoint counsel. Accordingly, his Motion for Appointment of Counsel (Docket No. 5) will be <u>DENIED</u>.

III.   <u>Request for an Evidentiary Hearing</u>

While petitioner did not file a separate motion seeking an evidentiary hearing, he filed a Memorandum of Law in support. To the extent he seeks an evidentiary hearing, the request is premature and is <u>DENIED</u>. If the Court determines an evidentiary hearing is necessary, one will be scheduled.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Petitioner's Motion for Leave to Proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Docket No. 3) is <u>DENIED</u>;

2. Petitioner's Motion for Appointment of Counsel (Docket No. 5) is <u>DENIED</u>;

3. Petitioner's request for an Evidentiary Hearing is <u>DENIED</u>; the Court will schedule a hearing if necessary; and

4. Upon receipt of the $5.00 filing fee, a Service Order shall enter; the clerk shall serve the petition and the respondent shall file a response.

SO ORDERED.

<u>June 27, 2013</u>                           <u>/s/ Leo T. Sorokin</u>
DATE                                    LEO T. SOROKIN
                                        UNITED STATES MAGISTRATE JUDGE